UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| JENNIFER EMPERT, | No. ED CV 12-1114-PLA |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| CAROLYN W. COLVIN,<br>ACTING COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION, | |
| Defendant. | |

**I.**

**PROCEEDINGS**

Plaintiff filed this action on July 10, 2012, seeking review of the Commissioner's denial of her applications for Disability Insurance Benefits and Supplemental Security Income payments. The parties filed Consents to proceed before the undersigned Magistrate Judge on August 13, 2012, and August 29, 2012. Pursuant to the Court's Order, the parties filed a Joint Stipulation on April 1, 2013, that addresses their positions concerning the disputed issue in the case. The Court has taken the Joint Stipulation under submission without oral argument.

/

/

## II.

## BACKGROUND

Plaintiff was born on June 26, 1962. [Administrative Record ("AR") at 62.] She has a General Educational Development diploma [AR at 146], and has past relevant work experience as a preschool teacher. [AR at 141.]

On March 26, 2009, plaintiff filed an application for Disability Insurance Benefits, and protectively filed an application for Supplemental Security Income payments, alleging that she has been unable to work since March 20, 2008, due to a "[l]eaky heart val[v]e," joint pain, high blood pressure, diabetes, diverticulitis, and obesity. [AR at 62-70, 74-79, 125-32, 139-48, 155-60.] After her applications were denied initially and on reconsideration, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). [AR at 66-70, 73, 80.] A hearing was held on September 20, 2010, at which time plaintiff appeared with counsel and testified on her own behalf. [AR at 39-61.] A vocational expert also testified. [AR at 55-59.] On December 10, 2010, the ALJ determined that plaintiff was not disabled. [AR at 29-35.] On April 6, 2012, the Appeals Council denied plaintiff's request for review. [AR at 7-13, 21.] This action followed.

## III.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Moncada v. Chater, 60 F.3d 521, 523 (9th Cir. 1995); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992).

In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance -- it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523; see also Drouin, 966 F.2d at 1257. When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. Drouin, 966 F.2d at 1257; Hammock v. Bowen, 879 F.2d 498, 501 (9th

Cir. 1989). Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner. Moncada, 60 F.3d at 523; Andrews v. Shalala, 53 F.3d 1035, 1039-40 (9th Cir. 1995); Drouin, 966 F.2d at 1258.

## IV.

## THE EVALUATION OF DISABILITY

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A); Drouin, 966 F.2d at 1257.

**A.   THE FIVE-STEP EVALUATION PROCESS**

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995, as amended April 9, 1996). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Id. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform her past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that she is unable to

perform past relevant work.  Drouin, 966 F.2d at 1257.  If the claimant meets this burden, a prima facie case of disability is established.  The Commissioner then bears the burden of establishing that the claimant is not disabled, because she can perform other substantial gainful work available in the national economy.  The determination of this issue comprises the fifth and final step in the sequential analysis.  20 C.F.R. §§ 404.1520, 416.920; Lester, 81 F.3d at 828 n.5; Drouin, 966 F.2d at 1257.

**B.   THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

In this case, at step one, the ALJ found that plaintiff had not engaged in any substantial gainful activity since March 20, 2008, her alleged disability onset date.  [AR at 31.][1]  At step two, the ALJ concluded that plaintiff has the following severe impairments: morbid obesity, diabetes mellitus, hypertension, and bilateral knee arthritis.  [Id.]  At step three, the ALJ determined that plaintiff does not have an impairment or combination of impairments that meets or medically equals any of the impairments in the Listing.  [AR at 32.]  The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[2] to perform less than a full range of light work as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b).[3]  [Id.]  Specifically, the ALJ determined that plaintiff can "lift and carry 20 pounds occasionally and 10 pounds frequently"; "sit for about 6 hours"[4] and "stand and walk for a total of 2 hours in an 8-hour workday"; and "do occasional

---

[1]   The ALJ concluded that plaintiff met the insured status requirements of the Social Security Act through March 31, 2012.  [AR at 31.]

[2]   RFC is what a claimant can still do despite existing exertional and nonexertional limitations.  See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

[3]   Light work is defined as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and requiring "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

[4]   The ALJ found that plaintiff "can sit, stand and walk for a total of 2 hours in an 8-hour workday," but the Appeals Council stated that the finding contained a typographical error, and that the ALJ's decision should have instead indicated that plaintiff "can sit for about 6 hours in an 8-hour workday." [AR at 8, 32.]

4

postural activities but cannot climb ladders, ropes or scaffolds, cannot have repeated lower extremity controls and should avoid hazards such as machinery or heights." [AR at 8, 32.] At step four, the ALJ concluded that plaintiff was unable to perform her past relevant work as a preschool teacher. [AR at 33.] At step five, the ALJ found, based on the vocational expert's testimony and the application of the Medical-Vocational Guidelines, that plaintiff "has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." [AR at 34.] Accordingly, the ALJ determined that plaintiff was not under a disability at any time from March 20, 2008, through December 10, 2010, the date of the decision. [AR at 35.]

## V.

## **THE ALJ'S DECISION**

Plaintiff contends that the ALJ improperly discounted plaintiff's credibility.[5] [Joint Stipulation ("JS") at 8-12, 15-16.] As set forth below, the Court respectfully disagrees with plaintiff and affirms the ALJ's decision.

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" Id. (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). Second, if the claimant meets the first test, the ALJ may only reject the claimant's testimony about the severity of her symptoms upon (1) finding evidence affirmatively suggesting that the claimant was malingering, or (2) offering specific, clear and convincing reasons

---

[5] Plaintiff initially raised a first contention of error with respect to the ALJ's conclusion that plaintiff is not disabled, despite his finding that plaintiff can only "sit, stand, and walk for a total of 2 hours in an 8-hour workday." [JS at 4-6; AR at 32.] In the Reply section of the Joint Stipulation, however, plaintiff concedes that this finding by the ALJ contained a typographical error. [JS at 8.] As that error was addressed by the Appeals Council's decision (see note 4, supra), plaintiff's first contention of error is not at issue.

for doing so. See Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1999); see also Lingenfelter, 504 F.3d at 1036; Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003). The factors to be considered in weighing a claimant's credibility include: (1) the claimant's reputation for truthfulness; (2) inconsistencies either in the claimant's testimony or between the claimant's testimony and her conduct; (3) the claimant's daily activities; (4) the claimant's work record; and (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which the claimant complains. See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002); see also 20 C.F.R. §§ 404.1529(c), 416.929(c). If properly supported, the ALJ's credibility determination is entitled to "great deference." See Green v. Heckler, 803 F.2d 528, 532 (9th Cir. 1986).

At her hearing, plaintiff testified that she experiences chest pain "basically every day." [AR at 45]. When asked about how often she has anxiety, plaintiff responded "[t]wo or three times a day, a week." [AR at 46.] Plaintiff also testified that, "almost every day," she experiences blurry eyes, "a dull, nagging headache" and dizziness as a result of her high blood pressure. [AR at 47.] Plaintiff stated that she is dizzy and out of breath if she "walk[s] from the bedroom to [her] living room," and that she can only stand "[m]aybe 10, 15 minutes at the most" before having to sit down. [AR at 48.] Plaintiff also testified that she cannot put any pressure on her knee, and that at times it "locks up," "pop[s] backwards," and "just aches and aches and aches." [AR at 49.] Plaintiff also represented that her left hand itches and "goes numb," and that she is unable to lift with that hand. [AR at 49-50.] Lastly, plaintiff testified that her diabetes is "out of control," and her blood sugar is "318, sometimes 500," which makes it "very hard" for her to focus. [AR at 50-51.] Plaintiff admitted that she does not take any medication for her anxiety or any pain medication for her knee. [AR at 46, 49.] When the ALJ asked plaintiff whether she cooks, goes grocery shopping, and cleans, plaintiff answered in the affirmative each time. [AR at 53.] Plaintiff also testified that she does laundry in "bits and pieces," but is unable to "stand long enough to wash the dishes." [AR at 54.]

At step one of the two-step credibility analysis, the ALJ determined that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." [AR

1   at 33.] The ALJ nevertheless concluded that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with [the RFC determination made by the ALJ]." [Id.] Thus, at step two, as the record contains no evidence of malingering by plaintiff,[6] the ALJ was required to offer "specific, clear and convincing reasons" for rejecting her subjective symptom testimony. See Lingenfelter, 504 F.3d at 1036. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) (quoting Lester, 81 F.3d at 834); see also Dodrill, 12 F.3d at 918.

Here, the reasons the ALJ gave for discounting plaintiff's subjective symptom testimony are legally adequate and supported by substantial evidence. See Fair v. Bowen, 885 F.2d 597, 604 n.5 (9th Cir. 1989). First, the ALJ discounted plaintiff's credibility based on her daily activities, finding that they "are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." [AR at 33.] Plaintiff testified that she cooks, goes grocery shopping, cleans, and does laundry in "bits and pieces" [AR at 53-54], which supports this finding by the ALJ. See Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1991) (finding that a plaintiff's ability to take care of her personal needs, prepare easy meals, do light housework, and shop for groceries may be seen as inconsistent with an inability to do all work activity). Thus, while plaintiff's activities may not in and of themselves show an ability to work, the contrast between plaintiff's activities and her alleged limitations is a valid ground for the ALJ to consider.

Moreover, discrepancies in a plaintiff's statements or exaggerated complaints are valid grounds to reject credibility. Fair, 885 F.2d at 603-04; see also Berry v. Astrue, 622 F.3d 1228, 1236 (9th Cir. 2010) (finding that contradictions in the record may support rejection of credibility). To the extent that the ALJ found that plaintiff's testimony regarding her daily activities contained inconsistencies, the ALJ's reason for discounting plaintiff's credibility is supported by substantial evidence. Plaintiff stated that if she walks from her bedroom to her living room, she is "out of

---

[6] The ALJ made no finding that plaintiff was malingering, nor does the evidence suggest plaintiff was doing so.

7

breath and dizzy." [AR at 48.] Plaintiff further testified that she can stand for "[m]aybe 10, 15 minutes at the most" before having to sit down. [Id.] However, plaintiff also testified that if she goes shopping at Wal-Mart for an hour, she has to "sit for 20, 30 minutes" before she is able to get up and finish shopping. [Id.] The latter statement is inconsistent with plaintiff's asserted inability to stand for more than 10 or 15 minutes and her complaints of dizziness when she walks even the short distance from her bedroom to her living room. The ALJ properly relied on plaintiff's daily activities to discredit plaintiff's testimony.

Second, the ALJ determined that plaintiff's credibility concerning the intensity, persistence and limiting effects of her symptoms is reduced by the lack of objective medical evidence supporting her claims. While this reason cannot provide the only basis to reject a claimant's credibility (see Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997)), the absence of objective medical evidence to support plaintiff's subjective complaints is a factor that an ALJ can consider in evaluating symptom testimony. See Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001) (finding that while medical evidence alone cannot discredit testimony as to pain, it is one factor which the ALJ is permitted to consider). This reason given by the ALJ is supported by substantial evidence. The ALJ noted that while plaintiff's alleged knee pain is "somewhat accepted," the objective medical evidence indicates that "this impairment does not preclude the performance of all work." [AR at 33.] This statement is supported by the record. Even though plaintiff testified that she cannot put any pressure on her knee, and that "sometimes it just aches and aches and aches," plaintiff stated that she does not take any pain medication for her knee. [AR at 49.] Moreover, the record does not contain any physician opinion that sets out limitations greater than those in the RFC as a result of plaintiff's knee impairment.

As for plaintiff's diagnoses of "morbid obesity, hypertension and diabetes," the ALJ concluded that "the record contains no evidence that these impairments would prevent the claimant from performing the reduced range of light work...." [AR at 33.] Viewed as an extension of the ALJ's finding that the extent of plaintiff's limitations is not supported by objective medical evidence, plaintiff points to no specific evidence in the record to support the severity of her complaints. No physician stated that plaintiff's symptoms resulting from morbid obesity,

hypertension and diabetes would be as functionally limiting as plaintiff alleges, or that plaintiff would be unable to perform the activities necessary for the reduced range of light work.  Since, as set forth above, the ALJ has provided another legally adequate reason for discounting plaintiff's credibility, the lack of objective medical evidence was properly used by the ALJ to also discredit plaintiff's testimony.

The ALJ's first and second reasons for discounting plaintiff's credibility were supported by "such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." Moncada, 60 F.3d at 523.  Where the evidence is susceptible to more than one rational interpretation, the Court must defer to the decision of the Commissioner.  Moncada, 60 F.3d at 523; Andrews, 53 F.3d at 1039-40; Drouin, 966 F.2d at 1258.  Remand is not warranted.

## VI.
## CONCLUSION

**IT IS HEREBY ORDERED** that: 1. plaintiff's request for reversal, or in the alternative, remand, is **denied**; and  2. the decision of the Commissioner is **affirmed**.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: July 24, 2013

                                                           PAUL L. ABRAMS
                                  UNITED STATES MAGISTRATE JUDGE